# EXHIBIT  A-1

7/29/2019 4:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35513597
By: Nelson Cuero
Filed: 7/29/2019 4:02 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| DONALD CALHOUN,<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| JACK DOHENY COMPANIES, INC.<br>*Defendant* | §<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT

     COMES NOW, DONALD CALHOUN**,** (hereinafter referred to as "Calhoun") and complaining of JACK DOHENY COMPANIES, INC.  (hereinafter sometimes referred to as "Dohney" or "Defendant") and for cause of action would respectfully show this Honorable Court as follows:

1.    **Discovery:**  Discovery in this case should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2).

2.    **Parties:**  Plaintiff DONALD CALHOUN is an individual who resides in Harris County, Texas.   Defendant, JACK DOHENY COMPANIES, INC. is a foreign corporation that is authorized to transact business in the state of Texas. It may be served with process by serving its Registered Agent for Service of Process, COGENCY GLOBAL INC., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

3.    **Jurisdiction and Venue:**  Venue is appropriate in Harris County pursuant to § 15.002 TEX.CIV.PRAC.& REM. CODE because Plaintiff was principally employed by Defendant in Harris County, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court but is less than $75,000.00.

Certified Document Number: 86389378 - Page 1 of 5

4.       **Facts:**   Calhoun entered into an Employee Confidentiality and Non-Solicitation Agreement with Defendant on September 11, 2016.   Defendant is engaged in the business of selling and renting new, used and remanufactured pump trucks, vacuum trucks, sewer cleaning equipment and pipeline inspection systems to its customers. Calhoun worked for Defendant and serviced customers exclusively within the state of Texas. The Employee Confidentiality and Non-Solicitation Agreement contains non-competition, non-solicitation and confidentiality provisions that provide as follows:

1.   Employee shall not perform, in North America, service for, become engaged by, or aid, assist, own, operate or any financial interest in a company that is in the Business [defined as selling, servicing and renting various industrial utility vehicles, including, but not limited to, street sweepers, petroleum, waste hauling, hydro-excavating, sewer trucks and other specialty commercial vehicles and all related parts and services] at any time during or within two (2) years after termination of employment.

2.   Employee shall not, in North America, for a period of two (2) years after termination of employment, solicit or recruit for employment or service any current or former employee of Employer.

3.   Employee will not, without the written consent of Employer, (a) perform during his employment services outside of Employer, or (b) disclose or divulge, to anyone other than persons designated in writing by Employer, any secret or confidential information; business concept, planning design, development, production, formation process or formulation; business records, information relating to business marketing, pricing, cost; or other information of Employer whether committed to memory or embodied in written, computerized or other physical form, knowledge of which has been acquired by Employee during the Employee's employment by Employer.

5.       The restrictive provisions set forth above are not reasonable in terms of the scope of the activity that is sought to be restrained, the geographical restrictions sought to be imposed as well as the duration of the prohibited activity. The restrictions accordingly impose a greater restraint upon Calhoun than is reasonably necessary to protect the legitimate

Certified Document Number: 86389378 - Page 2 of 5

goodwill expectations of the Defendant. Moreover, the use of the term "solicitation" is inconsistent with the definition and interpretation of that term as recently determined by the Fourteenth Court of Appeals for the state of Texas. There is a justiciable controversy present as Calhoun has received a demand from Defendant, through counsel to cease and desist activity that it alleges is violative of the Employee Confidentiality and Non-Solicitation Agreement notwithstanding that the enforcement of it, as written, would be contrary to the mandate of Texas law.

6. **Declaratory Judgment:**  In order to determine the rights and obligations on the part of the Plaintiff, given that Defendant has threatened to take measures to enforce what it contends are enforceable non-completive restrictions on Plaintiff, he alleges a cause of action under the Texas Declaratory Judgment Act so that the rights and obligations of the parties can be established by the court. Pursuant to Rule 47 (c), Plaintiff is seeking monetary relief of $100,000.00 or less and non-monetary relief. This statement is not provided to stipulate or admit to damages over $75,000.00 but is only being made to ascend to the requirements of Rule 47 (c).

7. **Request for Declaratory Relief:**  Plaintiff incorporates the factual allegations found in the preceding paragraphs and incorporate them herein by reference. Plaintiff maintains, in terms of his claim for declaratory relief that, the restrictions that are being placed on him with regard to post employment, impose a greater restraint than is reasonably necessary to protect Defendant's legitimate goodwill expectations. Furthermore, the prohibitions are not reasonable in terms of the scope of the activity to be restrained, the time of the restriction and the geographical territory encompassed in the restrictions.

Certified Document Number: 86389378 - Page 3 of 5

8.  **Attorneys' Fees:**  Plaintiff has retained the firm of Rosenberg & Sprovach to represent him in this action and have agreed to pay the firm reasonable and necessary attorneys' fees.  An award of reasonable and necessary attorney's fees to the Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

9.  **Jury Demand:**  Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of thirty ($40.00) dollars.

10. **Prayer:**  WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

10.1   A Declaration that the non-competition, non-solicitation and confidentiality provisions that Defendant is attempting to enforce against Plaintiffs are unenforceable;

10.2   A Permanent Injunction preventing Defendant from enforcing the Employee Confidentiality and Non-Solicitation Agreement made the basis of this suit

10.3   Damages against Defendant in an amount in excess of the minimum jurisdictional limits of the Court but less than $75,000.00;

10.4   Reasonable and Necessary Attorneys' fees;

10.5   Costs of suit; and

10.6   Such other and further relief to which Plaintiff may show himself to be justly entitled.

Certified Document Number: 86389378 - Page 4 of 5

Respectfully submitted,

*/s/ Gregg M. Rosenberg*

Gregg M. Rosenberg
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
ROSENBERG | SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300 (Tel)
(713) 621-6670 (Fax)
Attorney-in-Charge for Plaintiffs

OF COUNSEL:
ROSENBERG | SPROVACH                     ATTORNEYS FOR PLAINTIFF

Certified Document Number: 86389378 - Page 5 of 5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:        86389378 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**